**CONNELL FOLEY LLP**
1085 Raymond Boulevard, Nineteenth Floor
Newark, NJ 07102
Telephone: 973.436.5800
Attorneys for Defendants, David K. Doyle and TQ Logistics, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEMMLY LOPEZ-VENTURA, | CIVIL ACTION NO._____ |
| Plaintiff, | **(HONORABLE _____)** |
| vs. | |
| DAVID K. DOYLE, TQ LOGISTICS, INC., JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), | |
| Defendants. | |

### NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, defendants, TQ Logistics,

Inc. ("TQL"), a Georgia corporation, with its principal offices in Marietta, Georgia, and David

K. Doyle ("Doyle"), a citizen of the State of Massachusetts (collectively "Defendants"), through

their counsel, Connell Foley LLP, hereby remove to this Court the above styled action, pending

as Case No. MID-L-680-22 in the Superior Court of New Jersey, Middlesex County, Law

Division.  Defendants believe that all of plaintiff's claims are without merit, and will dispute

them at the appropriate time, but for purposes of removal state as follows:

1.      Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1441

to remove this action from the Superior Court of New Jersey, Law Division, Middlesex County,

where the case is now pending under the name and style, <u>Kemmly Lopez-Ventura v. David K. Doyle, et al.,</u> bearing Docket No. MID-L-680-22.

2.      In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed by plaintiff on or about February 8, 2022, in the Superior Court of New Jersey, Middlesex County, is attached hereto as <u>Exhibit A</u>.

3.      TQL was served with a copy of the Summons and Complaint on February 17, 2022.

4.      To date, service of the Summons and Complaint have not been effectuated upon Doyle.

5.      A copy of Defendants' Answer to the Complaint, also filed separately, is attached hereto as <u>Exhibit B</u>.

6.      This action is removable to this Court by Defendants, pursuant to 28 <u>U.S.C.</u> §1441(a). A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547, 553 (2014) (noting that 28 <u>U.S.C.</u> § 1446(a) by design tracks the "short and plain statement" pleading requirement of <u>Fed. R. Civ. P.</u> 8(a).) Accordingly, courts should apply the same liberal rules to removal applications that are applied to other matters of pleading. <u>Id.</u>

7.      This action is one over which the Court has original jurisdiction under the provisions of 28 <u>U.S.C.</u> § 1332, and is one that may be removed to this Court pursuant to the provisions of 28 <u>U.S.C.</u> § 1441 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.      Complete diversity of citizenship exists between plaintiff and Defendants.

9.      Plaintiff, Kemmly Lopez-Ventura, is, upon information and belief, a citizen of the State of New Jersey, residing in Borough of Middlesex, New Jersey. (See Plaintiff's Complaint, at Introductory Paragraph).

10.     For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).  TQL is, and was at the time of filing, a corporation incorporated under the laws of the state of Georgia, with its principal place of business in Marietta, Georgia.  Thus, TQL is a citizen of Georgia.

11.     Doyle is, and was at the time of filing, a citizen of the State of Massachusetts, residing in Palmer, Massachusetts.

12.     As required by 28 U.S.C. § 1332(a)(1) and 1441(b)(2), complete diversity exists because no defendant properly served is a citizen of the same state as the plaintiff.  Accordingly, there is diversity of citizenship between the parties.

13.     Furthermore, the amount in controversy exceeds $75,000.00.

14      Plaintiff's Complaint alleges that as a result of the accident at issue, he "has suffered and will in the future suffer much pain in mind and body, has incurred and will in the future incur expenses for medical care and treatment, has suffered and will in the future suffer economic loss, was unable and will in the future be unable to attend to his usual and customary activities and was caused to suffer permanent injury." (See Plaintiff's Complaint, First Count, at ¶ 4).

6346617-1

15.     Defendants, therefore, present a good faith application to the Court that plaintiff's Complaint seeks damages in excess of the amount in controversy requirement of $75,000.00 in accordance with 28 U.S.C. § 1332.

16.     The within Notice of Removal is hereby filed within thirty (30) days of Defendants' receipt of plaintiff's Complaint, and within one year after the commencement of the action. See 28 U.S.C. § 1446(b)(3) and (c)(1).

**WHEREFORE**, defendants, David K. Doyle and TQ Logistics, Inc., request that the above action now pending in the Superior Court of New Jersey, Middlesex County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

CONNELL FOLEY LLP
Attorneys for Defendants,
David K. Doyle and TQ Logistics, Inc.

By: _____
        Matthew W. Bauer

Dated: March 7, 2022

## LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Defendants,
David K. Doyle and TQ Logistics, Inc.

By: _____
        Matthew W. Bauer

Dated:  March 7, 2022

# EXHIBIT A

Jonathan P. Holtz, Esq. - I.D. No. 012422007
**BRAMNICK, RODRIGUEZ, GRABAS,**
**ARNOLD & MANGAN, LLC**
**1827 East Second Street**
**Scotch Plains, NJ  07076**
**Tel.:   (908) 322-7000**
**Fax:   (908) 322-6997**
**Attorney for Plaintiff, Kemmly Lopez-Ventura**

---

| | |
|---|---|
| KEMMLY LOPEZ-VENTURA, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION:  MIDDLESEX COUNTY |
| Plaintiff(s), | DOCKET NO.: |
| | |
| vs. | CIVIL ACTION |
| | |
| DAVID K. DOYLE, TQ LOGISTICS, INC., | **COMPLAINT, JURY DEMAND,** |
| JOHN DOES 1-10 (said names being | **DEMAND FOR PRODUCTION OF** |
| fictitious) and XYZ CORPORATIONS 1-10 | **DOCUMENTS, DEMAND FOR** |
| (said names being fictitious), | **ANSWERS TO INTERROGATORIES,** |
| | **AND REQUEST FOR ADMISSIONS** |
| Defendant(s). | |

---

Plaintiff, KEMMLY LOPEZ-VENTURA, residing at 321 Runyon Avenue in the

Borough of Middlesex, County of Middlesex and State of New Jersey, by way of Complaint

against defendants, DAVID K. DOYLE, TQ LOGISTICS, INC., JOHN DOES 1-10 (said names

being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), says:

### FIRST COUNT

1.      On or about February 13, 2021, plaintiff, KEMMLY LOPEZ-VENTURA, was the

operator of a motor vehicle traveling eastbound on I-90 in the Town of Millbury, County of

Worcester and State of Massachusetts.

2.      At the above-mentioned time and place, defendant, DAVID K. DOYLE, who

resides at 1266 South Main Street, #2, Palmer, MA 01069, was the operator of a motor vehicle,

owned by defendant, TQ LOGISTICS, INC., located at 3698 Largent Way, Marietta, GA 30064,

also traveling eastbound on I-90 in the Town of Millbury, County of Worcester and State of Massachusetts.

3.      At the above-mentioned time and place, defendants did so negligently own, operate, maintain and/or control their motor vehicle so as to cause their motor vehicle to collide with plaintiff's motor vehicle.

4.      As a direct and proximate result of the negligence of the defendants as aforesaid, plaintiff has suffered and will in the future suffer much pain in mind and body, has incurred and will in the future incur expenses for medical care and treatment, has suffered and will in the future suffer economic loss, was unable and will in the future be unable to attend to his usual and customary activities and was caused to suffer permanent injury.

WHEREFORE, plaintiff, KEMMLY LOPEZ-VENTURA, demands judgment against defendants, DAVID K. DOYLE and TQ LOGISTICS, INC., for damages together with interest, counsel fees and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and reiterates the allegations contained in the previous count of the Complaint as if set forth more fully at length herein.

2.      Defendants, JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), negligently owned, operated, maintained and/or controlled their motor vehicle so as aforesaid.

3.      As a direct and proximate result of the negligence of the defendants as aforesaid, plaintiff has suffered and will in the future suffer much pain in mind and body, has incurred and will in the future incur expenses for medical care and treatment, has suffered and will in the future suffer economic loss, was unable and will in the future be unable to attend to her usual and

customary activities and was caused to suffer permanent injury.

     4.     Plaintiff reserves the right to amend the Complaint to join these potentially culpable parties if discovery should reveal that said parties are in any way responsible for the injuries sustained by plaintiff.

     WHEREFORE, plaintiff, KEMMLY LOPEZ-VENTURA, demands judgment against defendants, DAVID K. DOYLE, TQ LOGISTICS, INC., JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious), for damages together with interest, counsel fees and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

     Jonathan P. Holtz, Esq. is hereby designated as trial counsel pursuant to Court Rule 4:5-1.

## JURY DEMAND

     Plaintiff herein demands trial by jury as to all issues so triable.

DATED:  February 8, 2022
          BRAMNICK, RODRIGUEZ, GRABAS,
          ARNOLD & MANGAN, LLC
          Attorneys for Plaintiff, Kemmly Lopez-Ventura
          *Jonathan P. Holtz*
          BY:  JONATHAN P. HOLTZ, ESQ.

## DEMAND FOR INSURANCE INFORMATION

     Plaintiff hereby demands that defendant(s) set forth the name of any insurance carrier providing coverage for plaintiff's injuries, the policy number and the extent of liability limits.

DATED:  February 8, 2022
          BRAMNICK, RODRIGUEZ, GRABAS,
          ARNOLD & MANGAN, LLC
          Attorneys for Plaintiff, Kemmly Lopez-Ventura
          *Jonathan P. Holtz*
          BY:  JONATHAN P. HOLTZ, ESQ.

## DEMAND FOR PRODUCTION OF DOCUMENTS

     PLEASE TAKE NOTICE that pursuant to Rule 4:18-1, plaintiff hereby demands that

defendant(s) produce the following documentation within thirty (30) days as prescribed by the Rules of Court.  Additionally, please be advised that the following requests are ongoing and continuing in nature and defendant(s) is/are therefore required to continuously update their responses thereto as new information or documentation comes into evidence.

PLEASE TAKE FURTHER NOTICE that "defendant employer" shall mean Defendant TQ Logistics, Inc., "defendant driver" shall mean Defendant David K. Doyle, and "the subject incident" shall mean the motor vehicle accident on February 13, 2021 which forms the basis of this Complaint.

1.   The amounts of any and all insurance coverage covering defendant including but not limited to primary insurance policies, secondary insurance policies and/or umbrella insurance policies.  For each policy of insurance, supply a copy of the declaration page therefrom.

2.   Copies of any and all documentation or reports, including but not limited to police reports, accident reports, ISO claim searches and/or incident reports, and internal investigation reports of any manner, concerning the happening of the incident in question or any subsequent investigation of same.

3.   Copies or duplications of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question, including, but not limited to, dash camera video.

4.   Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by

any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5.    Copies of any and all documentation, including but not limited to any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6.    Copies of any and all documentation, including but not limited safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise related to the incident in question or any potential defense to the action in question.

7.    Copies of any and all discovery received from any other parties to the action in question.

8.    Copies of all CIB searches and/or any other records demonstrating prior insurance claims submitted by the plaintiff for any matter, including workers' compensation claims, personal injury claims, property damage claims or any other claims for medical treatment or bodily or any and all other insurance claims.

9.    Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

10.   Copies of any and all records of any type subpoenaed by defendant or received from any other source concerning the plaintiff or the incident in question.

11.   Any and all videotapes or moving pictures made of plaintiff and/or the subject matter of this accident.

12.     The entire file maintained by experts whom plaintiff intends to call at trial, including but not limited to any notes or draft reports, billing statements, x-ray films and/or other studies.

13.     Set forth the name, publisher, date of publication and page reference of each test, article standard, manual, policy, procedure, directive book or writing of any kind which your experts relied upon in any way in formulating their opinion in this matter.

14.     A copy of any and all statements provided by defendant concerning this accident. This includes copies of any and all statements, whether verbal, written or otherwise, provided to defendant's insurance company or any adjuster acting on behalf of that insurance company, or to any other party.  This request is made pursuant to Pfender v. Torres, 336 N.J. Super. 379 (App.Div. 2001).

15.     A copy of defendant's cell phone records from the date of the accident, defendant's cell phone number and cell phone service provider as of the date of this accident.

16.     All communications between the defendant employer and its insurance carrier concerning the manner in which the subject incident occurred and the injuries sustained by the plaintiff.

17.     A complete copy, certified to be true and correct, of defendant driver's personnel file.

18.     A copy of the pre-trip inspection for the vehicle defendant driver was operating in the subject incident.

19.     A copy of the post-inspection of the vehicle defendant driver was operating in the

subject incident.

20.   A copy of any and all statements to defendant employer's safety director given by defendant driver regarding the subject incident.

21.   A copy of any and all statements about the subject incident herein taken by or obtained by defendant driver or defendant employer from any person.

22.   A copy of the result of any and all investigation reports or documents regarding the subject incident performed by any and all agents, servants, employees, officers and/or directors of defendant employer.

23.   A copy of all documents that set forth defendant driver's work hours, amount of time driven, and amount of time doing any work for the thirty day period preceding and including the subject incident.

24.   Copies of all accident reports involving the vehicle involved in the subject incident.

25.   Complete copy of all written materials, company manuals, company issued rules and regulations, directives or notices in effect at the time of the subject incident, utilized by defendant employer controlling their operators' work activities, job performance, and delivery of cargo, inclusive of any educational materials in reference to Federal Motor Carrier Safety Regulations given to defendant driver.

26.   Any and all of defendant employer's directives, bulletins, or written instruments pertaining to day-to-day operating procedures to be followed by defendant driver, inclusive of any documents relating to the discipline policies or procedures for late deliveries.

27.   Copies of all manuals or policies and procedures of defendant employer for all

drivers.

28.    All documents required in qualifying defendant driver, including but not limited

to:

a)      Driver's application for employment, including required twelve

items of information;

b)      All responses of state agencies to defendant employer's inquiries

concerning defendant driver's prior driving record;

c)      All responses of previous employers to defendant employer's

inquiries concerning defendant driver's past employment;

d)      Copies of annual reviews of defendant driver's driving record;

e)      List of defendant driver's motor vehicle violations;

f)      All available documents relating to controlled substance and

alcohol testing of defendant driver to include pre-employment, random, and post-

accident testing.

<u>**DEMAND FOR ANSWERS TO INTERROGATORIES**</u>

Plaintiff hereby demands that defendant(s) answer Form C and C (1) Interrogatories

within the time prescribed by the Court Rules.

<u>**FIRST SET OF REQUESTS FOR ADMISSIONS**</u>

**PLEASE TAKE NOTICE** that plaintiff hereby demands defendants admit to the truth of

the statements set forth below pursuant to New Jersey Court Rule 4:22-1. Those statements which

are not admitted or denied by the time set forth in the Rules of this Court shall be deemed admitted.

A denial shall fairly meet the substance of the required admission. If you must qualify the answer

or deny only a part of a request for admission, you must specifically set forth so much of each

statement as is true and qualify or deny the remainder.  We will seek an award of expenses under R. 4:22-1 and R. 4:23-1(c) for noncompliance.  We will further seek an award of expenses under R. 4:23-3 for failure to admit.

1.  On February 13, 2021, Defendant DAVID K. DOYLE's vehicle struck the rear of Plaintiff KEMMLY LOPEZ-VENTURA's vehicle.

    ADMIT _____          DENY _____

2.  On February 13, 2021, Defendant DAVID K. DOYLE was issued a traffic citation.

    ADMIT _____          DENY _____

3.  Defendant DAVID K. DOYLE plead guilty to the traffic citation he was issued on February 13, 2021.

    ADMIT _____          DENY _____

4.  Defendant DAVID K. DOYLE plead guilty to a reduced charge from the traffic citation he was issued on February 13, 2021.

    ADMIT _____          DENY _____

5.  On February 13, 2021, Defendant DAVID K. DOYLE witnessed Plaintiff KEMMLY LOPEZ-VENTURA leave in an ambulance.

    ADMIT _____          DENY _____

6.  On February 13, 2021, Defendant DAVID K. DOYLE witnessed that Plaintiff KEMMLY LOPEZ-VENTURA was injured.

    ADMIT _____          DENY _____

7.  On February 13, 2021, Defendant DAVID K. DOYLE witnessed that his vehicle was required to be towed.

ADMIT _____        DENY _____

8.    On February 13, 2021, Defendant DAVID K. DOYLE witnessed that

Plaintiff KEMMLY LOPEZ-VENTURA's vehicle was required to be

towed.

ADMIT _____        DENY _____

9.    Defendant DAVID K. DOYLE took one or more photographs of the vehicle

he was driving on February 13, 2021.

ADMIT _____        DENY _____

10.    Defendant DAVID K. DOYLE gave a recorded statement to an insurance

company regarding this February 13, 2021 incident.

ADMIT _____        DENY _____

11.    Defendant DAVID K. DOYLE gave a recorded statement to his employer

regarding this February 13, 2021 incident.

ADMIT _____        DENY _____

12.    Defendant DAVID K. DOYLE had an excess insurance policy on February

13, 2021 incident.

ADMIT _____        DENY _____

13.    Defendant DAVID K. DOYLE had an umbrella insurance policy on

February 13, 2021 incident.

ADMIT _____        DENY _____

14.    Defendant TQ LOGISTICS, INC. had an excess insurance policy on

February 13, 2021 incident.

ADMIT _____        DENY _____

15. Defendant TQ LOGISTICS, INC. had an umbrella insurance policy on February 13, 2021 incident.

   ADMIT _____     DENY _____

16. Someone on behalf of Defendant TQ LOGISTICS, INC., took one or more photographs of the vehicle Defendant DAVID K. DOYLE was driving on February 13, 2021.

   ADMIT _____     DENY _____

17. Someone on behalf of Defendant TQ LOGISTICS, INC., gave a recorded statement to an insurance company regarding this February 13, 2021 incident.

   ADMIT _____     DENY _____


## CERTIFICATION

Pursuant to Rule 4:15-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding. This party is not aware of any other parties who should be joined in this action at this time.

I hereby further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

DATED:  February 8, 2022               BRAMNICK, RODRIGUEZ, GRABAS,
                                       ARNOLD & MANGAN, LLC
                                       Attorneys for Plaintiff, Kemmly Lopez-Ventura
                                       *Jonathan P. Holtz*
                                       BY:  JONATHAN P. HOLTZ, ESQ.

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-000680-22**

Case Caption: LOPEZ-VENTURA KEMMLY VS DOYLE DAVID

Case Initiation Date: 02/08/2022

Attorney Name: JONATHAN P HOLTZ

Firm Name: BRAMNICK RODRIGUEZ GRABAS ARNOLD & MANGAN LLC

Address: 1827 E SECOND ST
SCOTCH PLAINS NJ 07076

Phone: 9083227000

Name of Party: PLAINTIFF : LOPEZ-VENTURA, KEMMLY

Name of Defendant's Primary Insurance Company
(if known): TRAVELERS INDEMNITY CO OF CT

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case? NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: KEMMLY LOPEZ-VENTURA? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2022
Dated

/s/ JONATHAN P HOLTZ
Signed

.

MID L 000680-22  02/09/2022 4:34:31 AM  Pg 1 of 1 Trans ID: LCV2022573940

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                 DATE:  FEBRUARY 08, 2022
                 RE:    LOPEZ-VENTURA KEMMLY  VS DOYLE DAVID
                 DOCKET: MID L -000680 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON CHRISTOPH RAFANO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (732) 645-4300 EXT 88905.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                 ATTENTION:

                         ATT: JONATHAN P. HOLTZ
                         BRAMNICK RODRIGUEZ GRABAS ARNO
                         1827 E SECOND ST
                         SCOTCH PLAINS    NJ 07076


ECOURTS

# EXHIBIT B

**CONNELL FOLEY LLP**
1085 Raymond Boulevard, Nineteenth Floor
Newark, NJ 07102
Telephone: 973.436.5800
Attorneys for Defendants, David K. Doyle and TQ Logistics, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEMMLY LOPEZ-VENTURA,<br><br>  Plaintiff,<br><br>vs.<br><br>DAVID K. DOYLE, TQ LOGISTICS, INC., JOHN DOES 1-10 (said names being fictitious) and XYZ CORPORATIONS 1-10 (said names being fictitious),<br><br>  Defendants. | Civil Action No.<br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSES, RESERVATION OF COUNTERCLAIM, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, AND CERTIFICATION** |

Defendants, David K. Doyle and TQ Logistics, Inc. (collectively "Defendants"), by way of Answer to the allegations set forth in Plaintiff's Complaint hereby say:

### FIRST COUNT

1.      Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 1 of the First Count of the Complaint and therefore no response is interposed thereto.

2.      Defendants admit the allegations set forth in Paragraph 2 of the First Count of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the First Count of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the First Count of the Complaint.

6347072-1

## SECOND COUNT

1.      Defendants repeat each and every Answer to the allegations set forth in the First Count of the Complaint and make them a part hereof as if set forth at length.

2.      The allegations set forth in Paragraph 2 of the Second Count of the Complaint are not directed at Defendants and therefore no response is interposed thereto.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 2 of the Second Count of the Complaint.

3.      The allegations set forth in Paragraph 3 of the Second Count of the Complaint are not directed at Defendants and therefore no response is interposed thereto.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 3 of the Second Count of the Complaint.

4.      The allegations set forth in Paragraph 4 of the Second Count of the Complaint are a procedural statement of the rule of court to which no response is required.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Upon information and belief, plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Upon information and belief, plaintiff's Complaint fails to contain any facts which are sufficient to support a claim of negligence as to Defendants.

6347072-1

### THIRD SEPARATE DEFENSE

Upon information and belief, the injuries about which plaintiff complains were not proximately caused by any authorized actions by Defendants and/or their employees, agents, servants or representatives.

### FOURTH SEPARATE DEFENSE

Upon information and belief, plaintiff's right to recover damages is either barred or diminished by plaintiff's actions under the doctrine of comparative negligence.

### FIFTH SEPARATE DEFENSE

Upon information and belief, plaintiff's injuries were caused by third parties over whom Defendants had no control.

### SIXTH SEPARATE DEFENSE

Upon information and belief, Defendants breached no duty owed or owing to plaintiff at all relevant times.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, plaintiff has wrongfully failed to mitigate his damages as required by law.

### EIGHTH SEPARATE DEFENSE

Defendants reserve the right to assert that plaintiff's claims are barred by the applicable statute of limitations.

### NINTH SEPARATE DEFENSE

That by failing and neglecting to exercise ordinary care in making use of available seat belts, upon information and belief, plaintiff acted unreasonably and in disregard of plaintiff's

own best interests and that all or a portion of the injuries plaintiff sustained could have been eliminated or minimized by the exercise of reasonable conduct in using the available seat belts.

### RESERVATION OF COUNTERCLAIM UNDER N.J.S.A. 2A:15-59.1 AND/OR R. 11

Defendants hereby assert that an award of counsel fees and costs may be sought at the appropriate time due to the frivolous nature of this action.

### DEMAND FOR STATEMENT OF DAMAGES

Pursuant to the automatic disclosure provisions of Fed. R. Civ. P. 26(a)(1)(A)(iii), demand is hereby made that plaintiff provide Defendants with a written statement setting forth a computation of each category of damages claimed in this action.

### JURY DEMAND

Defendants hereby demand a trial by jury.

### LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Defendants,
David K. Doyle and TQ Logistics, Inc.

By: _____
         Matthew W. Bauer

Dated:  March 7, 2022